UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-193-CHL

STEPHEN E. PHILLIPS, Plaintiff,

v.

NANCY BERRYHILL,
ACTING COMMISSIONER OF
THE SOCIAL SECURITY ADMINISTRATION, Defendant.

## Memorandum Opinion and Order

Plaintiff Stephen Phillips ("Plaintiff") challenges the Commissioner's denial of his claims for disability insurance benefits ("DIB"). (DN 1.) On April 18, 2016, Plaintiff consented to the undersigned's jurisdiction. (DN 5.) For the following reasons, the Court **AFFIRMS** the Commissioner's decision.

### I. Summary of Facts

On March 12, 2013, Plaintiff filed an application for DIB. (DN 11-5.) The Commissioner denied his initial application and again upon reconsideration. (DN 11-4, #112, 117.) Plaintiff then appeared for a hearing in front of an Administrative Law Judge ("ALJ"), who later issued an opinion denying Plaintiff's claim. (DN 11-2, #45.) In his written opinion, the ALJ made the following findings.

> 1. The claimant meets the insured status requirements of the Social Security act through December 31, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since August 21, 2011, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: lumbar degenerative disc disease status post discectomy, leg pain, and obesity (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant should not climb ladders, ropes or scaffolding. The claimant is able to climb ramps and stairs occasionally, as well as occasionally stoop, kneel, crouch and crawl. The claimant should not do any repetitive stooping. The claimant should avoid concentrated exposure to temperature extremes, vibrations and hazards. The claimant would need to stand up briefly two to three times an hour.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on August 27, 1967 and was 44 years old, which is defined as a younger individual age 45–49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

(DN 11-2, #53–57.) The appeals council denied Plaintiff's request for review. (*Id*. at #40.)

## II. Standard of Review

The Social Security Act authorizes payment of DIB to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as follows:

> [An i]nability to engage in any substantial gainful activity by

2

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). When a claimant files an application for DIB, the claimant must establish that he or she became "disabled" prior to the date his or her insured status expired. 42 U.S.C. § 423(a), (c); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988) (per curiam).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. 20 C.F.R. § 404.1520(a)(1); *Sullivan v. Finkelstein*, 496 U.S. 617, 620 (1990). Only steps four and five are at issue in this case.

At step four, the ALJ considers the claimant's residual functional capacity ("RFC") and past relevant work. 20 C.F.R. § 404.1520(f). RFC is an assessment of the claimant's "remaining capacity for work once her limitations have been taken into account." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632 (6th Cir. 2004) (internal quotation marks omitted). The claimant has the burden of proof during the first four steps. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the ALJ assesses the claimant's residual functional capacity along with age, education, and work experience. 20 C.F.R. § 404.1520(g)(1). A claimant who cannot make an adjustment to other work is disabled. 20 C.F.R. § 404.1520(g)(1). At step five, the burden shifts to the Commissioner to demonstrate that there are other jobs the claimant is capable of performing in the local area. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

The Court's review is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence." 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F. 3d at 695. In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). The Court must also determine if the correct legal standards were applied. *Landsaw v. Sec'y of Health & Human Servs.*, 803F.2d 211, 213 (6th Cir. 1986).

### III. Analysis

Plaintiff raises several concerns with the ALJ's opinion. First, Plaintiff alleges that the ALJ did not afford the proper weight to Plaintiff's treating physicians, instead disregarding them and the supporting objective medical evidence. (DN 14, #334–35.) Next, Plaintiff argues that the ALJ improperly excluded evidence from his opinion, omitting medical reports and opinions that favored a "disabled" finding. (*Id*. at #336–37.) Essentially, Plaintiff accuses the ALJ of "cherry picking." Finally, Plaintiff takes issue with the ALJ's treatment of Dr. Ballard's medical reports and opinions, which the Plaintiff argues was done in a conclusory fashion. (*Id*. at #341–42.) All of these arguments seek to undermine the ALJ's final RFC conclusion that Plaintiff is capable of performing sedentary work and is thus not disabled.

4

The Court will address each of these arguments in turn and determine whether substantial evidence supports the ALJ's RFC determination that Plaintiff is capable of performing sedentary work.

**A. The ALJ Properly Considered the Treating Physicians' Opinions, Including Dr. Ballard's**

First, Plaintiff argues that the ALJ afforded not enough weight to the opinions of Plaintiff's treating physicians and afforded too much weight to the state agency medical physician's opinion. (DN 14, #334–35.) Plaintiff claims that as a result, the ALJ improperly excluded additional limitations in his RFC analysis. (*Id*. at #336.) In particular, he takes issue with the ALJ's range of motion analysis, noting that "the record contains contradictions" that the ALJ does not address. (*Id*. at #335.) He extensively recites medical evidence from Dr. Ballard, a treating physician, and Dr. Park, a treating surgeon, as proof that the ALJ did not afford proper weight to Plaintiff's treating physicians' medical opinions. (*Id*. at #336–37.) Briefly summarized, Dr. Ballard opined that Plaintiff was only capable of lifting ten to twenty pounds, could not engage in postural activities, and could only stand and/or walk for a maximum of two hours out of an eight hour workday. (DN 11-7, #307–309.) Dr. Park recommended surgery on Plaintiff's back, which was successfully completed. (*Id*. at #275.) Dr. Park last examined Plaintiff in May 2012, where he noted that "[h]is exam is without red flags and his lower extremity strength is actually improving." (*Id*.)

Plaintiff's argument concerning the range of motion analysis appears to bleed over without any appropriate transition or heading into his allegations of the ALJ "cherry-picking" medical evidence, so it is difficult for the Court to discern where one argument ends and another begins. It will construe both of them together as their resolution turns on the same legal issue.

Plaintiff also repeats his argument concerning the ALJ's treatment of Dr. Ballard's opinion near the end of his brief. After mischaracterizing Dr. Ballard's final opinion by claiming "[t]he essence of her statement is that [Plaintiff] cannot work an 8-hour day," Plaintiff takes issue with the ALJ's one-sentence explanation behind not affording her opinion greater weight:

> The undersigned affords the opinion little weight because it is vague and unexplained, and it seems exaggerated and based solely on subjective complaints.

(DN 14, #341.) Plaintiff claims that "[o]ne sentence by the ALJ does not comply with the requirements," and that "[t]here is no examining or treating doctor to provide either contradictory findings or opinions." (*Id*. at #342.)

"The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings and is not contradicted by substantial evidence to the contrary." *Edwards v. Comm'r of Soc. Sec.*, 97 Fed. App'x. 567, 570 (6th Cir. 2004) (citing *Crouch v. Sec'y of Health & Human Servs.*, 909 F. 2d 852, 857 (6th Cir. 1990)); *Hardaway v. Sec'y of Health and Human Servs.*, 823 F. 2d 922, 927 (6th Cir. 1987). A non-examining physician's opinion may be accepted over that of an examining physician where the former clearly states that reasons that his opinions differ from those of the latter. *Lyons v. Soc. Sec. Admin.*, 19 F. App'x 294, 302 (6th Cir. 2001). If the ALJ does not give controlling weight to a treating source's opinion, he is required to:

> [A]pply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion.

*Wilson v. Comm'r of Soc. Sec.*, 378 F. 3d 541, 544 (6th Cir. 2004); 20 CFR §§ 404.1527(c), 416.927(c). If the ALJ does not give deference to a treating physician's opinion, then he must

also articulate "good reasons" supported by substantial evidence for not doing so. *Cole v. Astrue*, 661 F. 3d 931, 937 (6th Cir. 2011). A good reason for rejecting the opinion of a treating physician exists when that physician's opinion is not supported by objective medical evidence contained in the record. *Edwards*, 97 Fed. App'x. at 570. Even though the ALJ must articulate "good reasons," he is not required to explicitly recite the regulation factors as long as his reasons reflect them. *Infantado v. Astrue*, 263 Fed. App'x. 469, 474 (6th Cir. 2008).

Here, the Court concludes that the ALJ afforded the appropriate weight to Plaintiff's treating physicians' medical opinions. In his opinion, the ALJ accurately summarized Dr. Park's findings and final treatment notes. (DN 11-2, #55.) More importantly, however, Dr. Park never placed any limitations on Plaintiff that would affect his ability to work. Dr. Park's final notes only summarize Plaintiff's subjective complaints of pain, note that Plaintiff's medical exam reveals no "red flags," and opine that the cause of his pain may be "musculoskeletal tightness." (DN 11-7, #274–75.) Plaintiff merely summarizes Dr. Park's findings and never explains how the ALJ failed to afford them the weight required by law or how the findings prohibit Plaintiff from performing sedentary work. (DN 14, #337.) He makes only conclusory allegations. Thus, the Court cannot conclude that the ALJ's treatment of Dr. Park's findings and medical opinions were improper.

The same can be said for Dr. Ballard's opinions. Contrary to Plaintiff's assertion that "[o]ne sentence . . . does not comply with the requirements," the Sixth Circuit has held just the opposite. *Allen v. Comm'r of Soc. Sec.*, 561 F. 3d 646, 651 (6th Cir. 2009) (holding that the ALJ's one sentence rejection of a treating physician's opinion was proper where the opinion was conclusory, not supported by objective medical evidence, addressed claimant's credibility, and

7

where the ALJ's sentence explained as such). The ALJ stated that Dr. Ballard's opinion "is vague and unexplained, and it seems exaggerated and based solely on subjective complaints." (DN 11-2, #56.) On the section of the medical forms asking Dr. Ballard to explain the basis behind her assessment of Plaintiff's work capacity, she only wrote the words "MRI" and "back surgery." (DN 11-7, #307.) As the ALJ correctly noted, this explanation is both unclear and unhelpful in judging the rationale behind the limitations she placed on Plaintiff. (*Id.*) Dr. Ballard did not attach any MRI results to her opinion or explain how specifically the "MRI" and "back surgery" supported her suggested limitations. What is most striking, however, is that Dr. Ballard left the section asking her to explain her reasoning for prohibiting Plaintiff from performing postural activities completely blank. (*Id.*) Because of the conclusory and explanation-free nature of Dr. Ballard's limitations and the lack of supporting, objective findings, substantial evidence supports the ALJ's decision to deny her opinion controlling weight. *See* C.F.R. §404.1527(c)(3) (stating that the more a medical source presents relevant evidence and explains the basis behind her medical opinion, the more weight the ALJ will afford it); *Bogle v. Sullivan*, 998 F. 2d 342, 347–48 (6th Cir. 1993) (ALJ is not bound by the treating physician's opinions when they are not supported by sufficient clinical findings). *See also Rudd v. Comm'r of Soc. Sec.*, 531 Fed. App'x 719, 729–30 (6th Cir. 2013) (same) (citing *Combs v. Comm'r of Soc. Sec.*, 459 F. 3d 640, 652 (6th Cir. 2006)). The lack of objective medical evidence to support the opinion qualifies as a "good reason" as used in 20 C.F.R. §404.1527(c). *Leeman v. Comm'r of Soc. Sec.*, 449 Fed. App'x. 496, 497 (6th Cir. 2011). Therefore, the ALJ's decision to not afford Dr. Ballard's medical opinion controlling weight was supported by substantial evidence.

On the other hand, substantial evidence supports the ALJ's decision to give "some weight" to the opinion of Dr. Donna Sadler, the state medical examiner. (DN 11-2, #56.) As the ALJ noted, Dr. Sadler opined that Plaintiff was capable of "light work," but the ALJ believed that further limitations were necessary. (*Id*.) In rendering her opinion, Dr. Sadler considered the objective medical findings from Dr. Ballard and Dr. Park. (DN 11-3, #103–04.) Although opinions from non-treating and non-examining sources cannot be given controlling weight, an ALJ may still consider them and even give them significant weight in certain circumstances. *See, e.g,, Torres v. Comm'r of Soc. Sec.*, 490 Fed. App'x. 748, 752 (6th Cir. 2012) (holding that substantial evidence supported the ALJ affording "substantial weight" to a non-examining state medical examiner); *Atterberry v. Sec'y of Health & Human Servs.*, 871 F. 2d 567, 570 (6th Cir. 1989) (holding that the ALJ properly relied on the state medical examiner's opinion where that opinion was "substantially supported by medical reports/records compiled by the claimant's own treating physicians"); SSR 96-6P[1] ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."). Plaintiff does not specifically explain how the ALJ erred in assigning "some weight" to Dr. Sadler's opinion, instead merely referencing cases comparing how the ALJ should balance the opinions of both state medical examiners and treating physicians. (DN 14, #334– 35.) Therefore, the Court concludes that the ALJ assigning "some weight" to Dr. Sadler's opinion was supported by substantial evidence.

---

[1] Social Security Ruling 96-6P was rescinded and replaced on March 27, 2017, but still applies to claims filed before that date. Thus, it is applicable to Plaintiff's case.

## B. The ALJ Was Not Required to Recite All of the Medical Evidence

Plaintiff's other argument concerns the medical records – or lack thereof – cited by the ALJ in his opinion. Plaintiff claims that the ALJ "cite[d] normal findings and omit[ted] the abnormal findings in the record" to "support his argument that no additional limitations [were] needed." (DN 14, #336.) Specifically, Plaintiff points out that the ALJ omitted, in his analysis, certain range of motion findings and the "findings in the March 5, 2012 examination by the rehabilitation specialist." (*Id*. at #336–37.) Essentially, Plaintiff accuses the ALJ of cherry-picking evidence that supports his conclusion and omitting evidence that does not.

It is well-settled law in the Sixth Circuit that an ALJ is not required to address every piece of evidence in the record. *Conner v. Comm'r of Soc. Sec.*, 658 Fed. App'x. 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. App'x. 661, 665 (6th Cir. 2004)). The Sixth Circuit has also considered cherry-picking allegations made by plaintiffs, stating that "the same process can be described more neutrally as weighing the evidence." *White v. Comm'r of Soc. Sec.*, 572 F. 3d 272, 284 (6th Cir. 2009). *See also Smith v. Comm'r of Soc. Sec.*, 2015 WL 7460080 (W.D. Mich. Nov. 24, 2015) at *3 ("The argument that the ALJ mischaracterized or 'cherry-picked' the record is frequently made and seldom successful").

Plaintiff's allegations of cherry-picking lack merit. As the Sixth Circuit has explained, the reason why cherry-picking arguments are seldom successful is because "crediting [them] would require a court to re-weigh the record evidence." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F. 3d 723, 726 (6th Cir. 2014). If a District Court was to re-weigh the record evidence, it would be acting outside the narrow scope of its judicial reviewing authority. *Smith*, 2015 WL 7460080, at *3 (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). The ALJ's summary of the medical and testimonial evidence is more than adequate to support his final conclusion that Plaintiff is capable of performing sedentary work with several restrictions. (DN 11-2, #54–56.) As the Sixth Circuit has explained, an ALJ's conclusion is not subject to reversal just because substantial evidence exists in the record to support an outcome in favor of the plaintiff. *White v. Comm'r of Soc. Sec.*, 572 F. 3d 272, 281–82 (6th Cir. 2009) (citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir.1994)); *Key v. Callahan*, 109 F. 3d 270, 273 (6th Cir. 1997) (stating that the ALJ's decision is not subject to reversal "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."). Thus, the Court will not rebalance all of the medical evidence contained within the record when the (voluminous) evidence cited and summarized by the ALJ in his opinion supports his finding of "not disabled."

## IV. Conclusion

For the reasons stated above, the Court **AFFIRMS** the final decision of the Commissioner. The Court will enter a judgment in accordance with this opinion.


cc: Counsel of record